| | | |
|---|---|---|
| **CHIEF EDITOR** | - - | **W. J. TOSSEL** |
| **President** | - - - | **J. F. Laning** |
| **Vice Pres & Cir. Mgr.** | - | **Sam H. Torrey** |
| **Secretary and Treasurer** | - | **S. R. Laning** |

Issued Every Wednesday
50 Weeks of the Year

**SUBSCRIPTION PRICES AND TERMS**
Per year (50 issues) Payable in Advance..$15.00
Single Numbers ........................ .50
First Semi-Annual Digest, No. 36, separately 2.50
Second Semi-Annual Digest, Vol. 2, No. 2 2.50

**Due Notices.** We give each subscriber two weeks' mail notice of the due date of his paper, and those who make prepayment, in reply to the statement, are entitled to a 20 per cent abatement of the price.

Address all communications to:

**The Law Abstract Co., 1727 Bryn Mawr Ave.**

## U. S. COURTS

### No. 260
### FEHR v. CAWTHON
U. S. Court of Appeals, 6th Circuit
No. 3844. Decided Oct. 5, 1923

**723. LIFE INSURANCE**—Life policy issued to creditor is not invalidated by simultaneous discharge of debt—Question of insurable interest material only to insurer—Creditor held to have accepted life policy in payment of, and not as security for, his debt.

DENISON, C. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was a suit in equity by Cawthon, administratrix, against Fehr. The Friedman Company, a creditor of Cawthon, was the beneficiary of a $10,000 policy on his life. Upon the winding up of the Friedman Company the defendant, Fehr, became owner of all its assets, including this policy and any indebtedness against Cawthon. The beneficiary paid the initial premium in 1918 and the first annual premium. During the next year Cawthon died and the amount of the policy was paid to Fehr. Some months later, the plaintiff, who was Cawthon's administratrix, brought this suit in the United States District Court upon the theory that Fehr held as trustee for her the amount of insurance he had received in excess of Cawthon's indebtedness. The trial court held in favor of plaintiff whereupon defendant appealed. In reversing the judgment, the United States Circuit Court held:

1. The fact that a creditor, having an insurable interest in the life of his debtor, in consideration of the issuance to him as payee of a policy on the life of the debtor, discharges the debt, held not to invalidate the policy.

2. Where a life policy has been paid in full to the payee by the insurer, the question of his insurable interest cannot be raised in a controversy over the ownership of the proceeds.

3. The intention of the parties, and the effect of an arrangement by which a debtor applied for and obtained a policy of insurance on his life, payable to a creditor, who paid the premium and all charges, held to have been that the policy should be accepted in cancellation of the debt and not as security therefor, and to entitle the creditor to the full proceeds of the policy on the death of insured.

Attorneys—Sidney G. Stricker, for Fehr; Murray Seasongood, for Cawthon, both of Cincinnati.

### No. 261
### UNITED STATES v. RUDNER et al
U. S. Dist. Court, N. D. Ohio, E. D.
No. 11847

**124. BAIL & RECOGNIZANCE**—Where a bail bond is executed instead of a supersedeas bond and surety is not liable for the amount of the fine.

WESTENHAVER, D. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for $20,000 upon a bail bond given by Ben Rudner, with two other defendant sureties, on allowances of writ of error. Rudner was found guilty of criminal conspiracy on July 1, 1921. On July 19th he was fined and sentenced. A petition in error was then filed and the court issued an order that Rudner would be admitted to bail upon furnishing a $20,000 bond within two days after the date of the order, conditional upon the fact that he would obey the judgment of the United States Circuit Court of Appeals and that he would surrender himself to the U. S. Marshall if the judgment was against him, and pay all fines and costs assessed against him. The order also provided "in default of such recognizance within the time specified, said defendant be remanded into the custody of the U. S. Marshall." The bond furnished contained different conditions, to wit, that the sureties were to be liable if Rudner failed to appear, and were also to be liable if he failed to pay the costs assessed against him. As the judgment of the U. S. Circuit Court was against Rudner, and he defaulted, this action was brought on the bond. The defendants claimed that the sureties were only obliged to pay such costs as might be assessed, and that they were not obliged to pay the fine. The court held:

1. The court's order to exact a supersedeas and stay bond was not followed, but that instead an appearance or bail bond and a cost bond, such only as is required when the writ was not to operate as a supersedeas and stay, were in fact exacted and executed. This no doubt was due to inadvertence, but that inadvertence cannot be corrected by construction to the prejudice of the sureties. Therefore, the sureties are not liable for the amount of the fine, but only for the costs.

Attorneys—A. E. Bernsteen, for U. S.; Carhart & Warner, for Rudner et al, all of Cleveland.